IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BERNARDO OROZCO | § | |
| Plaintiff, | § § § | |
| vs. | § | CASE NO. _____ |
| C.A.T., INC, ISABELLE GODBOUT and TONI CURKOVIC | § § § § | |
| Defendants. | § | JURY DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants **C.A.T. Inc. (improperly named as C.A.T., INC), ISABELLE GODBOUT, and TONI CURKOVIC** (together, "Removing Defendants"), hereby give notice of the removal of this action, pursuant to 28 U.S.C. § 1446, to the United States District Court for the Southern District of Texas. As shown herein, named Removing Defendant Isabelle Godbout was improperly (a.k.a. fraudulently) joined as parties in state court to try to destroy diversity jurisdiction, so this case is removable. As grounds for removal, Removing Defendants state as follows:

### I. INTRODUCTION

1.1  On or about March 26, 2015, it is alleged that Plaintiff Bernardo Orozco was in a vehicle traveling northbound on IH 35, in La Salle County, Texas. It is also alleged that Removing Defendant Toni Curkovic was traveling northbound on Interstate Highway 35, when Removing Defendant Toni Curkovic struck Plaintiff's vehicle.

1.2  On or about May 5, 2015, Plaintiff, Bernardo Orozco filed his Original Petition in the

218th Judicial District Court of La Salle County, Texas, initiating an action against Removing Defendants. *See Plaintiff's Original Petition, Ex. 2.*

1.3    Removing Defendant Isabelle Godbout was first served with notice of the Plaintiff's Original Petition on or about May 5, 2015, when counsel for Plaintiff served a copy of the Original Petition upon Removing Defendant Isabelle Godbout alleging damages for monetary relief over $1,000,000.00. *See Plaintiff's Original Petition, Ex. 2.*

1.4    Removing Defendants C.A.T. Inc. and Toni Curkovic were first served with notice of the Plaintiff's Original Petition through Mr. Ted Houghton, Chairman of the Texas Transportation Commission on or about April 29, 2015, when counsel for Plaintiff served a copy of the Original Petition upon Mr. Ted Houghton, Chairman of the Texas Transportation Commission. *See Texas Transportation Commission letter, Ex. 3.*

1.5    It should also be noted for purposes of this matter that Removing Defendant Toni Curkovic is an independent contractor and the truck he was operating is owned by non-party Curkovic Inc., with a principal place of business at 44 Leadership Drive, Brampton, Canada. Additionally, Removing Defendant Toni Curkovic is not under contract with Removing Defendant C.A.T. Inc., but another non-party company entirely.

1.6    As set forth below, because Plaintiffs have fraudulently joined Removing Defendant Isabelle Godbout as a Defendant in this case, diversity jurisdiction exists and Removing Defendants hereby timely remove this matter to Federal Court.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

2.1    This suit may be properly removed to this Court under 28 U.S.C. § 1441(a) because this suit was pending within the judicial district of the United States District Court for the Southern

District of Texas, Laredo Division.

2.2   All Defendants join in this removal.

2.3   As required by 28 U.S.C. § 1446(d), Removing Defendants are serving this Notice of Removal on all parties and will promptly file this Notice of Removal with the clerk of the 218st Judicial District Court of La Salle County, Texas.

### III. REMOVAL IS TIMELY

3.1   Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b), after having received information sufficient to determine that the case was removable and being served with the Plaintiff's Original Petition. *See Plaintiff's Original Petition, Ex. 2.*

### IV. DIVERSITY JURISDICTION EXISTS

**A. Standard**

4.1   Federal jurisdiction is proper in this case because diversity jurisdiction between the parties exists and this removal is timely. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. " Under 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."

4.2   The matter in controversy in this case exceeds $75,000, exclusive of interest and costs.

Plaintiff's Original Petition states that "actual damages in excess of the minimum jurisdictional limits of the Court."

4.3     Other than the fraudulently/improperly joined Removing Defendant Isabelle Godbout, the parties to this action are residents of different states for removal purposes. According to Plaintiff's petition, Plaintiff is an individual, natural person, who is a resident of Victoria County, Texas. Removing Defendant, C.A.T. Inc. is a Canadian corporation with its principal place of business located at 4 Rue Du Transport Coteau Du Lac, PQ, JOP1BO Quebec, Canada. Removing Defendant, Toni Curkovic is natural person and Canadian citizen, who resides at 44 Leadership Drive, Brampton, Canada. Removing Defendant Isabelle Godbout is an individual residing in the state of Texas at 8632 Northridge Loop, Laredo, Texas 78045. Removing Defendants C.A.T. Inc. and Toni Curkovic have no principal place of business in the State of Texas. Under 28 U.S.C. § 1332(c)(l), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Affidavits, Ex. 6.*

4.4     It should be noted that Removing Defendant Isabelle Godbout is employed as a terminal manager for C.A.T. Inc. As such, there is no reasonable basis for the District Court to predict that Plaintiff might be able to recover against Removing Defendant Isabelle Godbout; her citizenship should be disregarded for purposes of determining diversity jurisdiction.

4.5     As discussed more thoroughly below, although Removing Defendant Isabelle Godbout is a Texas citizen, she has been improperly joined as a Defendant in this lawsuit. Therefore, her citizenship should be disregarded in determining whether diversity exists between the parties. See 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).

**B. The Improper Joinder of Removing Defendant Isabelle Godbout does not Defeat Diversity**

4.6    Removing Defendant Isabelle Godbout has been improperly joined in this lawsuit to defeat diversity and she is not a proper Defendant in this case. The starting point for analyzing an improper joinder claim is 28 U.S.C. § 1441(b), which allows for removal of a diversity suit "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" (emphasis added), and 28 U.S.C. § 1359, which prohibits a district court from having "jurisdiction of a civil action in which any party . . . has been improperly or collusively made or joined to invoke the jurisdiction of such court." (emphasis added) See also *Smallwood*, 385 F.3d at 572.

4.7    The Court may disregard a co-defendant's citizenship when considering whether diversity jurisdiction exists if there is fraudulent or improper joinder. See *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). There are two methods to establish improper joinder:

(a) Actual fraud in the pleading of jurisdictional facts; or

(b) Inability of the plaintiff to establish a cause of action against the non-diverse party in state court. See *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Removing Defendants do not contest that Removing Defendant Isabelle Godbout is a citizen of Texas, the Court should focus on the second prong of the improper joinder analysis.

4.8    The Fifth Circuit Court of Appeals has adopted the following standard for determining whether a defendant has been improperly joined under the second prong of the test: The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there

is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood*, 385 F.3d at 573; see also *Casas v. Tire Corral, Inc.*, 2005 U.S. Dist. LEXIS 42108, (S.D. Tex. Mar. 31, 2005) ("The district court must determine 'whether there is any reasonable basis for predicting that [the plaintiff] might be able to establish [the defendant's] liability on the pleaded claims in state court.' *Griggs*, 181 F.3d at 699(emphasis added)." To survive the improper joinder test, a possibility of recovery must be reasonable and not merely theoretical. *Smallwood*, 385 F.3d at 573(quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

4.9 To determine "whether a plaintiff has a reasonable basis of recovery under state law[,] ... [t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "[I]t is by referring to this pleading that a court assesses whether a reasonable theory, or merely a theoretical one, has been asserted." *Great Plains Trust Co.*, 313 F.3d at 312.

### C. Improper Joinder of Removing Defendant Isabelle Godbout

4.10 Plaintiff alleges in his Petition that Removing Defendant Isabelle Godbout is vicariously liable to Plaintiff Bernardo Orozco for the negligent conduct of Defendant Toni Curkovic, under the theory of *Respondeat Superior*. Plaintiff claims the independent conduct of Isabelle Godbout constitutes negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

    a.    failing to properly educate, instruct and supervise Toni Curkovic in the performance of his duties;

    b.    failing to adequately train, educate, or provide instructions and orders to Toni Curkovic;

    c.    failing to provide proper safety manuals and Instructions to Toni Curkovic on how to be responsible for the safety of other drivers; and

    d.    other acts of negligence and negligence per se.

4.11    It is important to note that Removing Defendant Isabelle Godbout has never supervised, trained, educated, or provided instructions to Removing Defendant Toni Curkovic. Removing Defendant Isabelle Godbout again works for C.A.T. Inc. and she does not have any connection with Removing Defendant Toni Curkovic. *See Affidavits, Ex. 6.*

4.12    Because Plaintiff has failed to allege sufficient facts to create a factual fit between his allegations against Removing Defendant Isabelle Godbout and the pleaded theories of recovery, he has failed to show a possibility of recovery against Removing Defendant Isabelle Godbout. Therefore, Removing Defendant Isabelle Godbout's citizenship should be disregarded for purposes of determining diversity jurisdiction.

4.13    As the courts have recognized, Removing Defendant Isabelle Godbout, who is an employee of C.A.T. Inc. has been improperly joined in this case because none of Plaintiff's alleged theories of recovery provide a basis for relief against an actual employee individually under Texas law. See, e.g., *Vielma v. Cooper Tire.*, *Morrow v. Wyeth*, 2005 U.S. Dist. LEXIS 43194 (S.D. Tex. Oct. 13, 2005).

4.14    Texas law generally imposes liability on corporations, not on individual employees or officers of those corporations. See *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Morrow*, 2005 U.S. Dist. LEXIS 43194. Individual employees or officers can only be liable if they have an independent duty of reasonable care to the injured party apart from the employer's

duty. <u>Leitch</u>, 935 S.W.2d at 117; <u>Great Plains Trust Co.</u>, 313 F.3d at 312; *Morrow*, 2005 U.S. Dist. LEXIS 43194. Under Texas law, negligence specifically is a duty of the corporation that does not create an independent duty in the employee. <u>Leitch</u>, 935 S.W.2d at 117; *Morrow*, 2005 U.S. Dist. LEXIS 43194. As the *Morrow* Court and *Vielma* Court found under similar facts, Plaintiff in the present case cannot show that C.A.T. Inc. employees, namely, Removing Defendant Isabelle Godbout, had any duties that were separate and apart from those of C.A.T. Inc. and, therefore, cannot recover on the negligence claims against the C.A.T. Inc. employees, namely, Removing Defendant Isabelle Godbout.

## V. CONCLUSION

5.1    Plaintiff has no reasonable basis of recovery under Texas law against Removing Defendant Isabelle Godbout in her individual capacity. Therefore, because she is an employee of C.A.T. Inc., Removing Defendant Isabelle Godbout has been improperly joined Defendant in this lawsuit, and her citizenship should not be considered by the Court in determining whether complete diversity exists in this case. If her citizenship is properly disregarded, it cannot be disputed that complete diversity exists between the other parties for removal purposes. For these reasons, this case has been properly removed to this Court from the 218th Judicial District Court of La Salle County, Texas, based on diversity jurisdiction.

## VI. PRAYER

6.1    For the foregoing reasons, Defendants **C.A.T. Inc., ISABELLE GODBOUT, and TONI CURKOVIC** request that the Court remove the action to this Federal Court and place this case on the docket of the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas  78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY: _____
JOHN A. GUERRA
State Bar No. 08576180
Email: jguerra@bpgrlaw.com
GREG R. HOKENSON
State Bar No. 24036794
Email: ghokenson@bpgrlaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I do hereby certify that on the ___day of May, 2015 I electronically filed *Defendants' Notice of Removal* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Langdon "Trey" Smith
Michael Gomez
Jim S. Adler & Associates
3D/International Tower
1900 West Loop South, 20th Floor
Houston, Texas 77027

_____
GREG R. HORKENSON

739-146/Notice of Removal